This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                              **NO. 31,110**

**GERALD LOPEZ**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil C. Candelaria, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals from a district court on-the-record affirmance of his metropolitan court conviction for DWI (3rd Offense). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**Issue A:** Defendant continues to claim that the State had a duty to collect and preserve a chemical (BAC) test pursuant NMSA 1978, Section 66-8-107(B) (1993). [MIO 8] As part of the Implied Consent Act, that section states that a test "shall be administered at the direction of a law enforcement officer." *Id.* Defendant construes this language to create a duty to the State to collect and preserve a blood or alcohol test. However, the Act itself addresses the implied consent to take the test, and we interpret this language to simply state that a law enforcement officer is the individual who directs implementation of the test, as opposed to any mandatory duty to collect this evidence. In this case, the officer testified that the blood test was not administered because a technician was not available, and a breath test was not conducted because Defendant's injuries from the accident were such that he was not capable of taking a breath test. [MIO 5] To the extent that any duty to test otherwise existed, the Legislature has left it to the discretion of the officer on whether or not to conduct any chemical testing under these circumstances. *See* NMSA 1978, § 66-8-108 (1978) ("Any person who is dead, unconscious or otherwise in a condition rendering him

incapable of refusal, shall be deemed not to have withdrawn the consent provided by Section 66-8-107 . . . and the test or tests designated by the law enforcement officer *may* be administered.") (Emphasis added)).

Even assuming, arguendo, that a duty to collect this evidence existed, the district court specifically found that the failure to do so was, at most, ordinary negligence. [MIO 7] Under these circumstances, the denial of the motion to suppress would not constitute reversible error. *See State v. Ware*, 118 N.M. 319, 325-26, 881 P.2d 679, 685-86 (1994) ("When the failure to gather evidence is merely negligent, an oversight, or done in good faith, sanctions are inappropriate, but the defendant can still examine the prosecution's witnesses about the deficiencies of the investigation and argue the investigation's shortcomings against the standard of reasonable doubt.").

**Issue B:** Defendant continues to argue that the evidence was insufficient to support his conviction for driving while intoxicated. [MIO 14] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been

established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to support his conviction, the evidence had to show that Defendant drove a vehicle under the influence of intoxicating liquor. *See* NMSA 1978, § 66-8-102(A) (2010). Here, Officer Powers testified that he was on the lookout for a white Camaro after receiving a dispatch that it was being driven erratically. [MIO 1] Approximately seven minutes later, Officer Powers received a dispatch concerning a motor vehicle accident with possible injuries. [MIO 1] When Officer Powers arrived at the scene, he observed Defendant sitting on the ground next to another officer, with the Camaro upside down, and open and unopened beer cans strewn about. [MIO 1-2] Defendant had a strong odor of alcohol, bloodshot eyes, and slurred speech. [MIO 2] No other people were seen in the vicinity. [MIO 2] Officer Powers stated that the conditions at the scene indicated to him that the car had been speeding and that the driver was inattentive. [MIO 3] As indicated, there were no field sobriety tests or chemical tests conducted because Defendant was not in a condition to perform them, and Defendant was instead transported to the hospital. Based on this, our calendar notice proposed to hold that the evidence was sufficient to support Defendant's conviction.

We are not persuaded by Defendant's memorandum in opposition, which essentially argues that the accident could have been caused by something other than impairment, and that the mere odor of alcohol was insufficient alone to support the conviction. As set forth above, the fact finder could rely on Officer Power's analysis of the accident, the odor of alcohol, the bloodshot eyes, and the open beer cans.

For the reasons stated above, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**